UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HERIBERTO ROMAN, JR.,**

    Plaintiff,

v.                                                                                    Case No.: 8:25-cv-01261-WFJ-CPT

**ROBERT J. PERRAULT, JR.** and
**THE FLORIDA DEPARTMENT OF
FINANCIAL SERVICES,**

    Defendants.
_____/

**DEFENDANT, FLORIDA DEPARTMENT OF FINANCIAL SERVICES,
MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE**

Defendant, Florida Department of Financial Services ("Defendant" or "DFS"), pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 3.01, hereby files a Motion to Dismiss Plaintiff's claim in the Amended Complaint against it with prejudice.

**FACTUAL ALLEGATIONS**[1]

DFS is a Florida executive agency headed by the Chief Financial Officer. Fla. Stat. § 20.121(1) (2025). Within DFS is the Division of Criminal Investigations, which functions as a criminal justice agency and has the authority to initiate and conduct investigations into any matter under the jurisdiction of the Chief Financial Officer. *Id.*,

---

[1] The factual allegations herein are taken from the Amended Complaint and assumed to be true, as is required at the Motion to Dismiss stage. By relying on the facts herein, Defendant in no way concedes that they accurately reflect the alleged events upon which Plaintiff's claim is based.

§ 20.121(2)(e). The Bureau of Insurance Fraud ("BIF"), housed under the Division of Criminal Investigations, is a law enforcement agency that investigates, in pertinent part, alleged acts of homeowners' insurance fraud. [Doc. 22 at 17, ¶71]. Divided into two districts, each commanded by a law enforcement major, the BIF is comprised of 134 sworn law enforcement officers and 32 civil support staff members. *See Bureau of Insurance Fraud, Criminal Investigations Division*, FLA. DEP'T OF FIN. SERVS., https://www.myfloridacfo.com/division/cid/insurance-fraud (last visited December 19, 2025)[2].

Defendant, Robert J. Perrault, Jr. ("Perrault"), is a law enforcement officer assigned to the Bureau of Insurance Fraud. [Doc. 22 at 14, ¶55]. In part, Perrault's duties include "investigat[ing] potential instances of insurance fraud and . . . refer[ring] such cases to the Office of the State Attorney for the applicable counties for review and prosecution." [Doc. 22 at 3, ¶6].

Plaintiff, Heriberto Roman, Jr. ("Plaintiff" or "Roman"), was an independent salesman for a licensed roofing contractor. [Doc. 22 at 10, ¶39]. Plaintiff was neither a licensed roofing contractor nor public adjuster, but instead, conducted door to door roofing sales. [Doc. 22 at 10, ¶39].

Perrault conducted an undercover investigation, ultimately authoring an affidavit, that alleged the following:

---

[2] In considering a motion to dismiss, a Court is permitted to take judicial notice of information available on government websites. *Chapman v. Abbott Labs.*, 930 F. Supp. 2d 1321, 1323 (M.D. Fla. 2013) (granting motion to dismiss and taking judicial notice of prescription label publicly available on the FDA's website).

2

- On February 15, 2024, Rosa was solicited by Roman on behalf of a roofing contractor;

- Roman inspected the roof and indicated the roof inspection revealed significant damage to the roof requiring a complete replacement;

- Rosa was assured her insurance company would pay for it;

- Roman exaggerated existing imperfections to the roof and requested the homeowner's insurance policy information;

- Roman stated Rosa's roof would be replaced if Rosa submitted an insurance claim to Citizens;

- Roman presented a LOP form for Rosa to sign;

- Roman insinuated an "adjuster" on behalf of the contractor would contact her;

- Another adjuster at a distinct company – Coastal Claims Services, LLC – was a public adjuster who provided the First Notice of Loss phone call to Citizens;

- Roman signed the Coastal Claims Services, LLC contract as a "contractor;"

- The Citizens claim was initiated by Roman, who represented himself as a "contractor";

- Roman acted as a public adjuster;

- Roman initiated a fraudulent homeowner's insurance claim for a roof replacement; and

- Roman acted as a contractor even though he did not have a roofing contractor license.

[Doc. 22 at 11, ¶41].

As a result of the allegations included in Perrault's sworn affidavit, the Hernando County State Attorney's Office brought criminal charges against Plaintiff for false and fraudulent insurance claim, fraudulent impersonating a public adjuster, and unlicensed contracting. [Doc. 22 at 11-12, ¶42]. Discovery in the criminal proceedings revealed that Perrault's affidavit included false information. [Doc. 22 at 12, ¶¶43-45]. Consequently, the State Attorney's Office dismissed the criminal charges against Plaintiff, but not before Plaintiff incurred significant attorney's fees and endured emotional distress. [Doc. 22 at 13, ¶49].

As alleged in the Amended Complaint, Perrault "acted with an evil intent" in conducting a "deceptive, appalling, horrendously dishonest, and false investigation" into Plaintiff's conduct for the purpose of "curry[ing] favor with the insurance industry for [Perrault's] own professional benefit." [Doc. 22 at 2-3, ¶¶5, 7-8]. During the course of the investigation, DFS failed to properly supervise Perrault, letting "Perrault run amok regarding the Roman investigation." [Doc. 22 at 3, ¶6]. More specifically, DFS failed "to conduct a diligent and proper investigation into the veracity of the facts related to [Plaintiff's] criminal prosecution, including the information provided by Perrault, to ensure probable cause existed prior to referring Roman for prosecution." [Doc. 22 at 18, ¶73].

## LEGAL ARGUMENT[3]

With respect to a negligence claim, "[a] court must find no liability as a matter of law if either (a) no duty of care existed, or (b) the doctrine of governmental immunity bars the claim." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1117-19 (11th Cir. 2005). Assuming, for purposes of the instant Motion to Dismiss *only*, that DFS "owed a duty to [Plaintiff]" (which DFS disputes), any duty would "not supersede [DFS'] claim of sovereign immunity." *Sch. Bd. of Broward Cnty. v. McCall*, 322 So. 3d 655, 657 (Fla. 4th DCA 2021). The doctrine of sovereign immunity, which provides that a sovereign cannot be sued without its permission, . . . was a part of the English common law when the State of Florida was founded and has been adopted and codified by the Florida Legislature." *Am. Home Assurance Co. v. Nat'l R.R. Passenger Corp.*, 908 So. 2d 459, 471 (Fla. 2005); *City of Key West v. Fla. Keys Cmty. Coll.*, 81 So. 3d 494, 497 (Fla. 2012).

"[S]overeign immunity is both an immunity from liability and an immunity from suit." *Fla. Highway Patrol v. Jackson*, 288 So. 3d 1179, 1185 (Fla. 2020). Furthermore, the defense of sovereign immunity asserted herein is a defense directed to the subject matter jurisdiction of the Court. *See Wallace v. Dean*, 3 So. 3d 1035, 1045 n.14 (Fla. 2009); *Brevard Cnty. v. Morehead*, 181 So. 3d 1229, 1233 (Fla. 5th DCA 2015) (applying sovereign immunity to claims and finding circuit court lacked subject matter jurisdiction over them). "In Florida, sovereign immunity is the rule, rather than the

---

[3] The Court is familiar with the Motion to Dismiss standard, so it will not be restated herein.

exception . . . ." *Pan–Am Tobacco Corp. v. Dep't of Corr.*, 471 So. 2d 4, 5 (Fla. 1984); *City of Key West*, 81 So. 3d at 497.

Article I, Section 13 of the Florida Constitution authorizes the Florida Legislature to waive the State's sovereign immunity "by general law." Only the Florida Legislature has authority to enact a general law that waives the state's sovereign immunity. *Am. Home Assurance Co.*, 908 So. 2d at 471-72 (citing *Manatee Cnty. v. Town of Longboat Key*, 365 So. 2d 143, 147 (Fla. 1978)).

It is well established that "any waiver [of sovereign immunity] must be clear and unequivocal," and legislative waivers of sovereign immunity must be strictly construed. *Am. Home Assurance Co.*, 908 So. 2d at 471-72 (citing *Longboat Key*, 365 So. 2d at 147; *Rabideau v. State*, 409 So. 2d 1045, 1046 (Fla. 1982)). Accordingly, "a waiver of immunity should not be found where it can only be inferred from or implied by the text of a statute." *Hightower v. Fla. Dep't of Highway Safety & Motor Vehicles*, 306 So. 3d 1193, 1196 (Fla. 1st DCA 2020).

The state's limited waiver of sovereign immunity is codified in section 768.28, which provides:

> In accordance with s. 13, Art. X of the State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act.

Fla. Stat. § 768.28(1) (2025).

As an executive agency and arm of the State, sovereign immunity extends to DFS. *See* Fla. Stat. § 20.121(1). Plaintiff's claim falls outside of the State's limited waiver of sovereign immunity for several separate and distinct reasons. First, to the

6

extent the Amended Complaint alleges that Perrault engaged in intentional fraudulent conduct, DFS is not vicariously liable for such conduct as it falls outside the course and scope of Perrault's duties. Second, Plaintiff's allegations regarding the manner and scope in which the investigation was conducted fall within the discretionary function exception of the State's waiver of sovereign immunity. Finally, Plaintiff's claim for economic damages without an accompanying injury to person or property falls outside the sovereign immunity waiver, and Plaintiff's claim for emotional distress damages is barred by Florida's impact doctrine. Accordingly, for all of these reasons, Plaintiff's negligence claim against DFS should be dismissed with prejudice.

### A.   *DFS is Not Vicariously Liable for Perrault's Intentional Conduct*

Pursuant to Florida Statute, the state has waived sovereign immunity for tort claims, only in the following circumstances:

> Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of the employee's office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act.

Fla. Stat. § 768.28(1) (2025). Accordingly, DFS is only vicariously liable for Perrault's conduct to the extent that Perrault was "acting within the scope of [his] office or employment." *Id.*

Where, such as in this case, "[t]he operative complaint explicitly and repeatedly alleges" that a city employee "acted in bad faith, with malicious purpose" the

7

allegations establish that the plaintiff's claim falls outside the sovereign immunity waiver. *City of Miami v. Alvarez*, 421 So. 3d 802, 806 (Fla. 3d DCA 2025) (holding plaintiff's allegation of bad faith and intentional misconduct "conclusively refute the City's liability"). Indeed, because the "'complaint alleges [Perrault] acted in bad faith, sovereign immunity' applie[s] as a matter of law to the claims against [DFS]." *Id.* (quoting *Hall v. Knipp*, 982 So. 2d 1196, 1197 (Fla. 1st DCA 2008)).

> **B.     Plaintiff's Claim Regarding Negligent Investigation is Barred by the Discretionary Function Exception**

Moreover, even if DFS could be vicariously liable for Perrault's conduct, Plaintiff's negligence claim would nevertheless be barred by sovereign immunity because the discretionary conduct at issue in this case is "not the type of conduct that gives rise to a valid cause of action against a public agency." *Tubell v. Dade Cnty. Public Schs.*, 419 So. 2d 388, 389 n.2 (Fla. 3d DCA 1982) (citing *Com. Carrier Corp. v. Indian River Cnty.*, 371 So. 2d 1010, 1020 (Fla. 1979) (holding that "certain policy-making, planning or judgmental governmental functions [could not] be the subject of traditional tort liability.")).

As the Florida Supreme Court has explained, "decisions concerning how [an arm of the state] allocates its resources, enforces its laws, and protects the public are matters usually protected from judicial interference." *Beach Comm. Bank v. City of Freeport, Fla.*, 150 So. 3d 1111, 1114 (Fla. 2014). In an analogous case, the Fifth District Court of Appeal held a Florida Department of Environmental Protection officer's "duties to conduct wetland studies, investigate environmental complaints, and enforce

regulations to safeguard the environment [were] essential to the state's policy objectives," and accordingly, the Plaintiff's claim of negligent supervision of the officer were barred by sovereign immunity. *Dep't of Env'tl. Prot. v. Hardy*, 907 So. 2d 655, 661 (Fla. 5th DCA 2005).

The same analysis is applicable in the instant case. As alleged in the Amended Complaint, Perrault was a law enforcement officer tasked with investigating instances of insurance fraud for the express purpose of pursuing criminal complaints. [Doc. 22 at ¶ 6, 55-57]. The types of discretionary decisions about the scope and manner in which criminal investigations are conducted and how resources are allocated to monitor the manner in which those investigations are being conducted are exactly the type of discretionary planning functions that fall outside the scope of the state's sovereign immunity waiver.

  **C.** *Plaintiff's Claim for Purely Economic Damages is Outside the Scope of the State's Waiver of Sovereign Immunity*

"By the plain language, the tort waiver self-limits to claims involving 'injury or loss of property, personal injury, or death caused by the negligent wrongful act or omission' of a state agent." *Fla. Int'l Univ. Bd. of Trs. v. Signal Safe, Inc.*, 388 So. 3d 1103, 1106 (Fla. 3d DCA 2024) (quoting § 768.28, Fla. Stat.). Consistent with the plain language of the statute, which must be construed narrowly, "reviewing courts have determined that suits seeking purely economic damages are barred by sovereign immunity." *Id.* (collecting cases).

9

Indeed, "claims that do not seek relief based on 'injury or loss of property, personal injury, or death,' and instead seek economic damages for defense of litigation are barred." *City of Ft. Lauderdale v. Tropical Paradise Resorts, LLC*, 372 So. 3d 663, 667-68 (Fla. 4th DCA 2023) (quoting *City of Pembroke Pines v. Corr. Corp. of Am. Inc.*, 274 So. 3d 1105, 1113 (Fla. 4th DCA 2019)). Similarly, this Court has previously concluded that a tort claim that sought only "economic damages in the form of compensatory damages, lost profits, reputational harm, and special damages" not premised on any personal injury, wrongful death, or injury or loss of property was barred by sovereign immunity. *Bonati v. State of Fla. Agency for Healthcare Admin.*, No. 8:24-cv-0814-KKM-AAS, 2024 WL 4979484, at *5 (M.D. Fla. Dec. 4, 2024); *see also City of Pembroke Pines*, 274 So. 3d at 1113 (concluding where plaintiff "lack[ed] an express contract with the City, and lack[ed] a claim for personal injury, wrongful death, or injury or loss of property against the City," claim was barred by sovereign immunity).

Plaintiff's claim in the instant case fall outside of the limited waiver of sovereign immunity. Specifically, Plaintiff alleges that as a result of DFS' allegedly negligent conduct, he suffered damages in the form of attorney's fees expended defending himself in the criminal indictment brought against him. These generalized economic damages, not tied to any claim of injury to person or property, are barred by sovereign immunity.

### D. *Plaintiff's Claim for Emotional Distress Damages is Barred by Florida's Impact Rule*

Florida law is well settled that "'before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from the physical injuries the plaintiff sustained in an impact.'" *Fla. Dep't. of Corr. v. Abril*, 969 So. 2d 201, 206 (Fla. 2007) (quoting *R.J. v. Humana of Fla., Inc.*, 652 So. 2d 360, 362 (Fla. 1995)). Accordingly, this rule, known as the "impact rule," "requires [actual] impact on the plaintiff, or, in certain situations, the manifestation of severe emotional distress such as physical injuries or illness." *Id.*

Florida courts apply the impact rule to all claims sounding in negligence subject only to narrow exceptions. *Warren v. City of Ft. Myers, Fl.*, Case No. 2:19-cv-00736-JLB-NPM, 2021 WL 82863, at *3 (M.D. Fla. Jan. 11, 2021); *see also Greenacre Props., Inc. v. Rao*, 933 So. 2d 19, 25 (Fla. 2d DCA 2006) ("[T]his doctrine generally requires proof of a physical injury or illness before a plaintiff is permitted to recover any type of damages awardable under a negligence theory.").

And, courts have repeatedly rejected claims for solely emotional damages premised on negligent supervision, hiring, and retention, where, as here, no physical impact on the Plaintiff was alleged. *See S.V.S v. Broward Cnty. Pub. Sch.*, 2019, WL 10092978, at *4 (S.D. Fla. Jan. 28, 2019) (impact rule barred an eight-year-old child's claim for emotional damages arising from the bullying and harassment of his fourth grade teacher); *see also Resley v. Ritz-Carlton Hotel Co.*, 989 F. Supp. 1442, 1449 (M.D. Fla. 1997); *Jenks v. Naples Cmty. Hosp., Inc.*, 829 F. Supp. 2d 1235, 1257–58 (M.D. Fla.

2011); *G4A Secure Sol. USA, Inc. v. Golzar*, 208 So. 3d 204, 209 (Fla. 3d DCA 2016); *Sguros v. Biscayne Recreation Dev. Co.*, 528 So. 2d 376, 377 (Fla. 3d DCA 1987) (impact rule barred a wrongful death action brought against a property manager for negligent security of the property as there was no physical contact between the deceased and the third party alleged to have committed an intentional tort); *Rivers v. Grimsley Oil Co., Inc.*, 842 So. 2d 975, 977 (Fla. 2d DCA 2003) (impact rule barred employee's claims against employer for negligent security following armed robbery where Plaintiff only asserted emotional injuries); *Sch. Bd. of Miami-Dade Cnty., Fla. v. Trujillo*, 906 So. 2d 1109, 1111 (Fla. 3d DCA 2005) (impact rule barred claim against school board for negligence when Plaintiff only asserted emotional damages suffered as the result of being left on a school bus too long).

> As Florida's Third District Court of Appeal has explained:
>
> Almost by definition, however, the torts of negligent hiring, negligent retention, and negligent supervision are fundamentally distinct from the employee's underlying, intentional wrong. Florida's impact rule applies only to the torts of negligent hiring, negligent retention, and negligent supervision. In our view, blurring the distinction would be the functional equivalent of imposing vicarious liability on an employer for the intentional tortious conduct of its employee. Florida courts have consistently rejected this notion.

*Golzar*, 208 So. 3d at 210.

In this case, Plaintiff does not allege any physical injury to himself or his property, but rather generally claims that he "incurred significant emotional distress from the Criminal Case." [Doc. 22 at 18, ¶74]. This type of generalized emotional distress claim is exactly the type of claim the impact rule was designed to exclude.

### E.   *Plaintiff's Claim Should Be Dismissed with Prejudice*

"[T]he court need not grant leave where the amendment would be futile." *Cox v. Mills*, 465 Fed. Appx. 885, 889 (11th Cir. 2012). "An amendment is futile where the complaint as amended would still be subject to dismissal." *Id.*

As explained above, Plaintiff's claim against DFS is barred by sovereign immunity, and there is no amendment which Plaintiff could undertake that would require a different result. Accordingly, because amendment would otherwise be futile, Plaintiff's claim against DFS should be dismissed with prejudice. *See LaFleur v. State University Sys. of Fla.*, No. 8:20-cv-1665-KKM-AAS, 2021 WL 3727832, at *9 (M.D. Fla. Aug. 2, 2021) (holding plaintiff's claim was barred by sovereign immunity and dismissing with prejudice because amendment would be futile) (citing *Rance v. Winn*, 287 F. App'x. 840, 841 (11th Cir. 2008) (affirming dismissal of original complaint with prejudice because "district courts need not permit amendment where it would be futile to do so)); *see also Grimes v. Fla.*, 71 F. Supp. 3d 1319, 1324-25 (M.D. Fla. 2014) (dismissing plaintiff's claim that was, in part, barred by sovereign immunity with prejudice because amendment would be futile).

WHEREFORE, for the foregoing reasons DFS respectfully requests this Court dismiss all claims against it with prejudice, along with such other and further relief the Court deems appropriate.

## LOCAL RULE 3.01(g) CERTIFICATE

Undersigned counsel certifies that Undersigned conferred with Plaintiff's counsel via email on January 7, 2026, regarding the instant motion and Plaintiff opposes the relief requested herein.

Dated this 8th day of January, 2026.

Respectfully submitted,

/s/ *Robert J. Sniffen*
**ROBERT J. SNIFFEN**
Florida Bar Number: 0000795
rsniffen@sniffenlaw.com
/s/ *Kristen C. Diot*
**KRISTEN C. DIOT**
Florida Bar Number: 0118625
kdiot@sniffenlaw.com

**SNIFFEN & HARMON, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Defendant,*
*Department of Financial Services*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 8th day of January, 2026, a true and correct copy of the foregoing was electronically filed in the United States District Court, Middle District of Florida, using the CM/ECF system which will serve all counsel of record.

/s/ *Kristen C. Diot*
**KRISTEN C. DIOT**