UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:25-cv-01261-WFJ-CPT

HERIBERTO ROMAN, JR.,

    Plaintiff,

v.

ROBERT J. PERRAULT, JR and
THE FLORIDA DEPARTMENT
OF FINANCIAL SERVICES.,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT THE FLORIDA DEPARTMENT
OF FINANCIAL SERVICES' MOTION TO DISMISS**

Plaintiff Heriberto Roman, Jr. ("Roman"), by his undersigned counsel, respectfully files his Response in Opposition to Defendant The Florida Department of Financial Services' ("DFS") Motion to Dismiss Plaintiff's Amended Complaint [DE 27] (the "Motion"), and in support thereof, states as follows:

**I.    INTRODUCTION**

DFS requests the Court to dismiss this action based on the assertion that DFS cannot be sued for negligent investigation. It believes the claim is barred by Section 768.28 (Florida's sovereign immunity waiver statute). Indeed, DFS posits the Amended Complaint should be dismissed with prejudice because (i) Defendant Robert J. Perrault ("Perrault") acted with malice; (ii) the criminal investigation

and pursuit of a criminal complaint against Roman was purportedly a DFS "discretionary function" for which it has no tort liability; (iii) Roman's claim for damages is allegedly outside the scope of Florida's sovereign immunity waiver; and (iv) Florida's "impact rule" bars Roman from recovering emotional distress damages against DFS. As further discussed below, these positions are without merit and DFS' Motion should be denied.

## II.  FACTUAL BACKGROUND

Roman is an independent contractor for a roofing company, whose professional responsibilities substantially involved sales, as well as signing up potential customers that suffered hurricane damage to their roofs. *See* Am. Compl. [DE 22] at ¶ 2. Perrault believed Roman's sales activities were criminal in nature, and, on behalf of DFS, persuaded the Office of the State Attorney for Hernando County, Florida to prosecute Roman for serious felony crimes. *See id.* at ¶ 3. In total, Roman faced significant prison time for crimes he did not commit, which were based on false facts and orchestrated by Perrault on behalf of DFS. *See id.* at ¶ 3.

In reality, the factual bases for the felony criminal charges all stemmed from an egregiously faulty investigation under the ultimate authority of DFS. *See id.* at ¶ 4. This investigation was nothing more than a house of cards waiting to collapse under DFS' watch. *See id.* at ¶ 4. The DFS probe involved instances where Perrault fabricated facts in an investigative report, appeared to pressure or persuade a homeowner into believing she was a victim of fraud, and intentionally misled the prosecuting attorney into believing Roman committed felony crimes. *See id.* at ¶ 4.

During Perrault's utterly fallacious investigation, DFS failed to properly supervise him and Perrault's colleagues, resulting in DFS' negligent investigation concerning the Roman matter. *See id.* at ¶¶ 5, 10. The underlying criminal case was styled *State of Florida v. Heriberto Roman, Jr.*, Case No. 2024-CF-000959, which was pending in Hernando County, Florida (the "Criminal Case"). *See id.* at ¶ 5.

Part of the duties of DFS and Perrault are to investigate potential instances of insurance fraud and to refer such cases to the Office of the State Attorney for the applicable counties for review and prosecution. *See id.* at ¶ 6. Recognizing the case had zero merit and was based on highly improper investigative work by Perrault and his colleagues, on behalf of DFS, the State of Florida quickly filed a Notice of *Nolle Prosequi* to abandon and dismiss the action. *See id.* at ¶ 9. The State should not have filed the Criminal Case in the first place. *See id.* at ¶ 9. Indeed, the Criminal Case resulted in a final termination on the merits because the State learned no evidence existed to support the continued prosecution of this matter. *See id.* at ¶ 9.

### III.   LEGAL STANDARD FOR A MOTION TO DISMISS

When a defendant submits a motion to dismiss under Fed. R. Civ. P 12(b)(6), the court must determine whether the allegations in the complaint "plausibly suggest that the plaintiff has a right to relief . . . ." *See James River Ins. Co. v. Ground Down Eng'g, Inc.,* 540 F.3d 1270, 1274 (11th Cir. 2008). A motion to dismiss for failure to state a claim tests merely the sufficiency of the complaint. *See Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984), *superseded on other grounds in Chapman v. Dunn*, 129 F.4th 1307, 1318 n.7 (11th Cir. 2025). On a

motion to dismiss, the Court must accept the facts pleaded "as true and constru[e] them in a light most favorable to the plaintiff." *See Leib v. Hillsborough County Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009). The District Court should not ask whether the plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence to prove her claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). Critically, "a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

Pursuant to this standard, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. Additionally, "a district court's discretion to dismiss a complaint without leave to amend is severely restricted by Fed. R. Civ. P. 15(a)." *Afrin v. Belk Inc.*, 2020 WL 10055348, at *1 (M.D. Fla. Mar. 20, 2020) (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)). Indeed, "[a] district court must permit a plaintiff at least one opportunity to amend before dismissing with prejudice if a more carefully drafted complaint might state a claim." *Environmental Prot. Comm'n of Hillsborough Cnty., Florida v. Mercedes Benz USA, LLC,* 2023 WL 4678978, at *3 (11th Cir. July 21, 2023).

## IV. ARGUMENT

### A. The Complaint Sufficiently States a Claim that DFS is Liable to Roman for its Negligent Investigation.

While DFS argues that it cannot be held "vicariously liable" for the actions of Perrault based on his alleged malicious conduct (Motion at pp. 7 – 8), DFS misses the mark because it was not just Perrault involved in the negligent investigation of Roman. DFS readily admits that it is comprised of "134 sworn law enforcement officers and 32 civil support staff members" (Motion at p. 2), not solely Perrault. Indeed, each and all of DFS's law enforcement employee(s) approving and/or involved in the faulty investigation, prosecution, and arrest of Roman were negligent in verifying the truth of the facts underlying the investigation. Here, DFS "has a duty to conduct a reasonable investigation." *See Staco v. Miami-Dade Cnty.*, 536 F. Supp. 2d 1301, 1306 (S.D. Fla. 2008); *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998) ("[a]n arresting officer is required to conduct a reasonable investigation to establish probable cause.").

Even if Roman's theory of liability against DFS was based solely on Perrault's actions (which it is not), he would still be entitled to allege a negligence claim against DFS while also alternatively alleging that Perrault acted maliciously. *See JI-EE Industry Co. v. Paragon Metals, Inc.*, 2010 WL 1141103, at *1 (S.D.Fla. Mar. 23, 2010) (pleading inconsistent or alternative legal theories is permissible). In fact, the court in *Johnson v. State Dept. of Health & Rehab. Services*, 695 So. 2d 927, 930–31 (Fla. 2d DCA 1997) dealt with this issue in the context of negligence

5

and malicious prosecution claims and the application of sovereign immunity. *Id.* In *Johnson*, the court held that for purposes of pleading, a Florida government agency can be held liable for negligent investigation while, at the same time, a plaintiff can plead a claim for malicious prosecution against the individuals involved with the investigation. *Id.* This is exactly what is alleged in the Amended Complaint.

Here, DFS, as a governmental department, did not conduct a reasonable investigation regarding Roman, despite having a duty to do so. DFS failed to accurately verify the facts underlying the investigation. Indeed, as detailed in Roman's Amended Complaint, the alleged facts on which the investigation and ultimate arrest of Roman were based were, from the very beginning, frivolous. After learning the true facts, the State filed a *Nolle Prosequi* of the criminal case. Therefore, DFS and its officers breached that duty, causing Roman to suffer damages. This is textbook negligence by DFS' law enforcement employees, and Section 768.28 provides a waiver of sovereign immunity under these facts. *See* FLA. STAT. § 768.28(1). Therefore, Roman properly stated a claim for negligent investigation against DFS. *See UDR of Tennessee, L.P. v. MDG Zaremba Sammytown, LLC*, 2014 WL 793341, at *4 (M.D. Fla. Feb. 27, 2014) ("[u]nder Florida law, the elements of a negligence cause of action are (1) legal duty owed by defendant to plaintiff; (2) breach of that duty by defendant; (3) an injury to plaintiff legally caused by defendant's breach; and (4) damages as a result of the injury.") (citations omitted); *Johnson*, 695 So. 2d at 930–31.

### i. DFS' Negligent Investigation of Roman was Not a Discretionary Planning Function Immune From Liability.

In its Motion, DFS simply states that it cannot be held liable for negligent investigation because any investigation regarding alleged insurance fraud is a discretionary DFS function for which it is immune from liability. *See* Motion at pp. 8-9. This contention is misguided and without merit. Only a State agency's discretionary planning activities are immune from tort liability. *See Commercial Carrier Corp. v. Indian River Cnty.,* 371 So. 2d 1010, 1020 (Fla. 1979) ("even absent an express exception in section 768.28 for discretionary functions, certain policy-making, planning or judgmental governmental functions cannot be the subject of traditional tort liability"). Strikingly, DFS did not attempt to discuss or apply the factors Florida courts analyze when determining whether a State agency's action can be considered planning (which is immune from tort liability) or operational (which is not immune from tort liability). These factors include:

> (1) Does the challenged act, omission, or decision necessarily involve a basic governmental policy, program, or objective? (2) Is the questioned act, omission, or decision essential to the realization or accomplishment of that policy, program, or objective as opposed to one which would not change the course or direction of the policy, program, or objective? (3) Does the act, omission, or decision require the exercise of basic policy evaluation, judgment, and expertise on the part of the governmental agency involved. (4) Does the governmental agency involved possess the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision."

*Dep't of Health & Rehab. Services v. Yamuni*, 529 So. 2d 258, 259-60 (Fla. 1988).

7

Indeed, "if these preliminary questions can be clearly and unequivocally answered yes, then the challenged act is probably policy-making, planning, or judgmental activity which is immune from tort liability. ***If the answer to any of the questions is no, the activity is probably operational level which is not immune.***" *Id.* (emphasis added). The analysis is a fact intensive inquiry. Here, DFS's negligent investigation into Roman, as pled, is an operational activity subject to tort liability. The facts alleged in the Amended Complaint all point to liability for purposes of pleading a claim for relief.

DFS's decision to investigate a claim of potential insurance fraud does not change the course or direction of any DFS policy. Instead, such a decision to investigate merely implements a policy already in place. *See State, Dept. of Health & Rehab. Services v. Yamuni,* 498 So. 2d 441, 443–44 (Fla. 3d DCA 1986) ("decisions of HRS's caseworkers in carrying out an investigation, though affecting individual cases, could [hardly] change the course or direction of the protective services program provided by HRS" and "[t]hese decisions implement the policy decisions and objectives which have already been made by the legislature and HRS."). Furthermore, the law enforcement officers and civil support employees within DFS do not need policy expertise to determine whether a report of alleged insurance fraud has merit. *See id.* (". . . nor does a caseworker require policy expertise to determine if a child abuse report is unfounded"). Investigations and the state employees that conduct the investigations "cannot be elevated to the level of policy-making or planning." *Yamuni*, 529 So. 2d at 260.

8

Like *Yamuni*, DFS responded to reports of alleged insurance fraud and negligently investigated Roman. Such actions have plainly been found to be operational activities which are not immune from tort liability. Indeed, as demonstrated above, at least two of the above four factors ((2) and (3)) are answered in the negative. Thus, DFS' actions cannot rise to the level of planning activities that would be shielded from tort liability. Otherwise, no meaningful distinction would exist "between operational and planning level activity," which is the critical analysis this court should employ when evaluating waiver of sovereign immunity in this case. *Id.* Since DFS' investigation cannot constitute a discretionary planning activity, Roman sufficiently stated a claim for negligent investigation.

### ii. Roman's Damages Are Within the Scope of Florida's Sovereign Immunity Waiver and are not Barred by the Impact Rule.

Roman properly pled damages within the scope of Florida's sovereign immunity waiver as he alleged a "personal injury, wrongful death, or injury or loss of property as required by § 768.28 . . ." *Bonati v. State of Florida Agency for Health Care Admin.*, 2024 WL 4979484, at *5 (M.D. Fla. Dec. 4, 2024) (internal quotations and citations omitted). Indeed, Roman properly alleged that in addition to the substantial attorneys' fees he incurred to defend the meritless criminal prosecution, he also incurred significant emotional distress (*i.e.*, the injury) from the underlying negligent investigation and unfounded criminal prosecution. *See* Amended Complaint at ¶ 74. Since Roman alleged an injury and is not solely

seeking economic damages, his damages here are within the scope of Florida's sovereign immunity waiver.

Moreover, Roman's claim for emotional distress damages is not barred by the impact rule.

> [Significantly,] Florida's version of the impact rule bars a claim for mental or emotional damages caused by a defendant's negligence unless (1) the plaintiff sustained a physical impact from an external source, (2) the claim arises from a situation in which the 'impact' requirement is relaxed and the plaintiff manifests a significant discernible physical injury or illness as a result of the emotional trauma, or (3) one of the narrow exceptions to the impact rule applies rendering the rule inapplicable.

*Pipino v. Delta Air Lines, Inc.*, 196 F. Supp. 3d 1306, 1315 (S.D. Fla. 2016). Indeed, the *Pipino* court emphasized the importance of *Willis v. Gami Golden Glades, LLC*, 967 So. 2d 846 (Fla. 2007) and highlighted the Florida Supreme Court's holding that "no physical injury is necessary to overcome the impact rule where the plaintiff sustains an impact or touching." *Pipino*, 196 F.Supp.3d at 1315 (citing *Willis*, 967 So. 2d at 850).

Moreover, the *Willis* court clarified that "for a plaintiff to have endured an impact or contact sufficient to render an action sustainable the plaintiff may meet rather slight requirements." *Willis*, 967 So. 2d at 850. By contrast, "the impact rule does not apply where emotional damages are a consequence of conduct that itself is a freestanding tort apart from any emotional injury." *Hagan v. Coca-Cola Bottling Co.*, 804 So. 2d 1234, 1241 (Fla. 2001); *see also Tanner v. Hartog*, 696 So. 2d 705, 708 (Fla. 1997) (impact rule inapplicable to a negligent defamation claim

10

where mental suffering was part of the claim); *Kush v. Lloyd*, 616 So. 2d 415, 422 (Fla. 1992) (same).

Here, Roman properly alleged that as a result of DFS's negligent investigation he was arrested, deprived of his liberty, his freedom was harmed, and he was forcibly restrained in violation of the Fourth Amendment. *See* Am. Compl. at ¶¶ 5, 38, and 54. Thus, he specifically pled an impact and/or touching that negates the application of the impact rule. Alternatively, the impact rule does not apply because the emotional harm stemmed from an independent tort. Regardless, Roman sufficiently pled a claim for negligent investigation, and thus, this Court should deny DFS' Motion.

### iii. Roman Should Be Given Leave to Amend the Operative Complaint if the Court Believes Pleading Deficiencies Exist.

As explained in detail above, Roman properly pled his negligent investigation claim against DFS, which falls within Florida's sovereign immunity waiver. However, to the extent that the Court believes pleading deficiencies exist concerning the claim against DFS, Roman requests leave to amend. Critically, Rule 15(a) of the Federal Rule of Civil Procedure mandates "leave to amend a complaint should be freely given when justice so requires." *Reynolds v. City of Daytona Beach*, 2019 WL 2412433, at *14 (M.D. Fla. May 22, 2019), *report and recommendation adopted*, 2019 WL 2411537 (M.D. Fla. June 7, 2019). While leave to amend may be denied based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

11

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment," none of these circumstances exist here. *Id.*

In this case, any amendment (if needed in the first place) would not be futile. Roman already alleged sufficient facts to properly state a claim for negligent investigation against DFS. He certainly can allege additional details to the extent the Court believes it is necessary. Furthermore, there has neither been prejudice, undue delay, dilatory motive, and/or bad faith in seeking an amendment (if even necessary), nor has there been repeated failures to correct deficiencies. While Roman asserts the claim against DFS is properly pled, if this Court disagrees, he should be given leave to amend the claim to correct any deficiencies the Court identifies. *See Environmental. Prot. Comm'n of Hillsborough Cnty.*, 2023 WL 4678978, at *3.

## V.  CONCLUSION

Based on the foregoing, Plaintiff Heriberto Roman, Jr., respectfully requests that this Honorable Court enter an Order (i) denying Defendant The Florida Department of Financial Services' Motion to Dismiss the Amended Complaint; and (ii) requiring DFS to file and Answer to the Amended Complaint; or alternatively, but only to the extent the Court believes there are pleading deficiencies with the claim against DFS, (iii) granting Roman leave to amend.

Dated: January 29, 2026

> Respectfully submitted,
>
> **SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.**
> *Attorneys for Plaintiff*
> 7777 Glades Road, Suite 400
> Boca Raton, FL 33434
> Telephone: (561) 477-7800
> Facsimile: (561) 477-7722
>
> By: */s/ Joshua B. Alper*
> Joshua B. Alper, Esq.
> Florida Bar No. 59875
> Primary E-Mail: jalper@sbwh.law
> Secondary E-Mail: crestivo@sbwh.law

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 29, 2026, a true and correct copy of the foregoing document has been electronically filed with the Clerk of Court using CM/ECF and is being served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record.

> By:   */s/ Joshua B. Alper*
>       Joshua B. Alper