UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HERIBERTO ROMAN, JR.,

    Plaintiff,

v.                                      Case No: 8:25-cv-1261-WFJ-CPT

ROBERT J. PERRAULT, JR. and THE
FLORIDA DEPARTMENT OF
FINANCIAL SERVICES,

    Defendants.

_____/

**ORDER**

Before the Court is the motion to dismiss filed by Defendant Florida Department of Financial Services ("DFS") (Dkt. 27) and Plaintiff's response (Dkt. 33). After careful consideration of the allegations of the Amended Complaint (Dkt. 22), the parties' submissions, and the applicable law, the Court concludes the motion is due to be granted.

**BACKGROUND**

In the two-count Amended Complaint, Plaintiff Heriberto Roman, Jr., an independent salesman for a licensed roofing contractor, sues Robert J. Perrault, Jr., a law enforcement officer with the Bureau of Insurance Fraud of the Division of Criminal Investigations within DFS, and sues DFS as a Florida law enforcement

1

agency overseeing violations of Florida's insurance code.  Count I seeks relief pursuant to 42 U.S.C. § 1983 solely against Perrault for malicious prosecution of state criminal charges against Plaintiff.  In Count II, Plaintiff alleges negligence in breaching DFS's duty to conduct a reasonable, diligent, and proper investigation of Plaintiff.  Notably, at least one other case before the undersigned alleges similar facts and relief against Perrault and DFS.  *See Black v. Perrault and Fla. Dep't of Fin. Servs.*, No. 8:25-cv-1466-WFJ-CPT, Dkt. 34 (dismissing without prejudice Count II against DFS).

In sum, Defendant Perrault allegedly filed a false DFS affidavit, which led to criminal charges against Plaintiff for "false and fraudulent insurance claim less than $20,000, fraudulently impersonating a public adjuster, and unlicensed contracting."  Dkt. 22 ¶¶ 1, 5; Dkt. 22-2 (*State of Florida v. Heriberto Roman, Jr.*, No. 2024-cr-959-A (5th Jud. Cir., for Hernando Cnty., Fla.)).  The Amended Complaint states that in the criminal affidavit, Perrault falsely averred that Plaintiff inspected a particular homeowner's roof and exaggerated the damage such that it required replacement, assured the homeowner that Citizens insurance would pay for roof replacement, initiated a fraudulent homeowner's insurance claim for a roof replacement, and acted as a public adjuster and a roofing contractor without a license.  *Id.* ¶¶ 41, 42; Dkt. 22-2.  These state charges were subsequently *nolle*

2

*prossed. Id.* ¶¶ 47, 59, 72; Dkt. 22-3. This action ensued, and the Amended Complaint was filed after pre-suit notice to DFS was given. *Id.* ¶ 11, Dkt. 22-1.

## LEGAL STANDARD

A complaint survives dismissal under Federal Rule of Civil Procedure 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations need not be detailed, but the plaintiff must still provide more than mere labels or conclusions, and the facts must plausibly lay the grounds for an entitlement to relief. *Twombly*, 550 U.S. at 555. The court must accept the facts, not conclusions, as true and view them in the light most favorable to the nonmoving party. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## DISCUSSION

DFS seeks to dismiss the sole count against it for negligent investigation and argues that it is barred by state sovereign immunity. Dkt. 27 at 5. Taking the Amended Complaint's allegations as true and construing them in the light most favorable to Plaintiff, the Court finds Count II insufficient as it so ruled in a similar case. *See Black v. Perrault and DFS*, No. 8:25-cv-1466-WFJ-CPT, at Dkt. 34. For ease of reference and consistency, the Court incorporates here, with relevant and appropriate changes, the body of the prior order on the same issue.

3

Although Florida and its subsidiaries, like DFS, are generally immune from tort liability, *see* Fla. Const. art. X, § 13, this general tort liability has been waived "under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws" of Florida. *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001) (quoting Fla. Stat., § 768.28(1)). "[W]hen the state or its subsidiary is sued in negligence, a court must first determine whether the circumstances alleged would subject a private person or business to liability under Florida law." *Mosby v. Harrell*, 909 So. 2d 323, 327 (Fla. 1st DCA 2005). "If a private person or business would be subject to liability . . . the court must then determine whether the challenged act or acts were 'discretionary' in nature, and not merely 'operational.'" *Id.* (citing *Henderson v. Bowden*, 737 So. 2d 532 (Fla. 1999); *Kaisner v. Kolb*, 543 So. 2d 732 (Fla. 1989)).

In Florida, negligence consists of a duty of care, breach of that duty, and resulting damages from the injury legally caused by the breach. *Mosby*, 909 So. 2d at 327 (citing *Paterson v. Deeb*, 472 So. 2d 1210, 1214 (Fla. 1st DCA 1985)). The only element in dispute is whether a private person in DFS's position would owe a duty of care to Plaintiff under the circumstances alleged. "[F]or there to be governmental tort liability, there must be either an underlying common law or statutory duty of care with respect to the alleged negligent conduct." *Trianon Park*

*Condo. Ass'n, Inc. v. City of Hialeah*, 468 So. 2d 912, 917 (Fla. 1985).  "If no duty of care is owed with respect to alleged negligent conduct, then there is no governmental liability, and the question of whether the sovereign should be immune from suit need not be reached."  *Pollack v. Fla. Dep't of Highway Patrol*, 882 So. 2d 928, 932 (Fla. 2004) (citing Florida law).

As to any statutory duty, Plaintiff cites to section 626.601(1) of the Florida Statutes, which requires DFS to possess "reasonable cause" before initiating an investigation.  Its enabling provision permits DFS to "initiate an investigation of any such individual or entity if [DFS] has reasonable cause to believe that the individual or entity has violated any provision of the insurance code."  Fla. Stat. § 626.601(1); *see also id.* § 624.317(1).  This statutory duty, however, codifies only a general duty to enforce the law—namely, Florida's insurance code—that DFS owes to the general public rather than to an individual.  *See Holodak v. Lockwood*, 726 So. 2d 815, 816 (Fla. 4th DCA 1999) (noting that post-*Trianon*, in government tort suits, plaintiffs must prove that defendant breached a common law or statutory duty "owed to the plaintiff individually and not a tort duty owed to the public generally"); *see also Pollack*, 882 So. 2d at 935 ("Patrolling the state highways, controlling the flow of traffic, and enforcing the traffic laws are duties FHP owes to the general public, as opposed to an individual person.").  Plaintiff seemingly admits there is only a general duty by alleging that "DFS owed a duty to Roman,

*as with all citizens of Florida*, to perform an investigation with diligence to ensure that the investigation is conducted properly with cognizable and truthful facts." Dkt. 22 ¶ 68 (emphasis added).

Addressing any common law duty, the Court finds that Plaintiff has failed to sufficiently allege facts that would give rise to such a duty. In the law enforcement context, the Florida Supreme Court has explained that "[a] special tort duty does arise when law enforcement officers become directly involved in circumstances which place people within a 'zone of risk' by creating or permitting dangers to exist, by taking persons into police custody, detaining them, or otherwise subjecting them to danger." *Pollack*, 882 So. 2d at 935; *see also Wallace v. Dean*, 3 So. 3d 1035, 1047–48 (Fla. 2009) (noting *Pollack* "outlined . . . [a] disjunctive list of exceptions to the *Trianon* public-duty doctrine" in category II).[1] A special duty is also established "when a police officer makes a direct representation to a plaintiff, or one so closely involved with the plaintiff that their interests cannot be separated, that he or she will take a specified law enforcement action." *Pollack*, 882 So. 2d at 936.

The Amended Complaint shows that none of DFS's actions gave rise to a special tort duty to Plaintiff individually. DFS never took Plaintiff into custody,

---

[1] Category II under the "*Trianon* taxonomy" includes the governmental activities of "enforcement of laws and the protection of the public safety." *Wallace*, 3 So. 3d at 1047 (citing *Trianon*, 468 So. 2d at 919).

detained him, or otherwise subjected him to danger.  Plaintiff's only allegation that could possibly suffice to create a zone of risk is that DFS "fail[ed] to conduct a diligent and proper investigation into the veracity of the facts related to [Plaintiff's] Criminal Prosecution, including the information [in the affidavit] proved by [Defendant] Perrault, to ensure probable cause existed prior to referring Roman for prosecution."  Dkt. 22 ¶ 73.  This allegation is conclusory.  Additionally, there are no allegations that DFS discovered evidence establishing the falsity of Defendant Perrault's affidavit to the state attorney's office.  Nor are there any facts showing that DFS knew about deficiencies in the charging affidavit and then subsequently failed to notify the prosecuting authority.  DFS also never made "a direct representation" to Plaintiff, promising that it would take specific action.  Therefore, as currently pled, Plaintiff has failed to allege that DFS owed any special tort duty to Plaintiff.

Plaintiff claims only that DFS breached its general duty to the public to investigate "with diligence to ensure that the investigation is conducted properly with cognizable and truthful facts."  Dkt. 22 ¶ 68.  But "[t]here is no legal duty of care to the person who is the subject of a criminal investigation," and the duty is owed, instead, "to the public generally."  *Bush v. City of Daytona Bch.*, No. 6:12-cv-1541-Orl-36TBS, 2013 WL 3209430, at *5 (M.D. Fla. June 24, 2013) (citing *Pritchett v. City of Homestead*, 855 So. 2d 1164. 1165 (Fla. 3d DCA 2003)); *see*

*also Everton v. Willard*, 468 So. 2d 936, 938 (Fla. 1985) (recognizing that "[t]here has never been a common law duty of care owed to an individual with respect to the discretionary judgmental power granted a police officer . . . to enforce the law"); *Trianon*, 468 So. 2d at 914–15 (holding that "there has never been a common law duty to individual citizens for the enforcement of police power functions"). Having determined that the Amended Complaint is deficient in alleging a duty of care to establish a negligent investigation, the Court need not reach the sovereign immunity question. *See Pollack*, 882 So. 2d at 932.

## CONCLUSION

Accordingly, Defendant DFS's motion to dismiss (Dkt. 27) is granted. Plaintiff's negligent investigation claim in Count II is dismissed without prejudice. Should Plaintiff attempt to replead Count II against DFS, any amended complaint must be filed within fourteen (14) days.

**DONE AND ORDERED** at Tampa, Florida, on April 7, 2026.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies to**:
Counsel of record